**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PENINSULA PETROLEUM FAR EAST PTE. LTD.** | § § § | **CIVIL ACTION NO.  3:22-CV-241-L** |
| **VERSUS** | § § | |
| | § | **IN ADMIRALTY, RULE 9(H)** |
| **CRYSTAL CRUISES, LLC & STAR CRUISES (HK) LIMITED** | § § § | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**MOTION TO VACATE RULE B ATTACHMENTS**

Crystal Cruises, LLC and Mark C. Healy, assignee of Crystal Cruises, LLC, appearing specially and restrictively and solely as Claimants of the garnishment proceeds herein, respectfully submit this Reply Memorandum in Further Support of their Motion to Vacate (Rec. Doc. 22) the Rule B Attachments in this matter.

In the first footnote of its Response Opposing the Motion to Vacate (Rec. Doc. 31), Plaintiff argues that (i) Crystal Cruises' assignment of all of its assets to Mr. Healy pursuant to a Petition Commencing Assignment for the Benefit of Creditors filed in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida did not include the bank account that has been garnished in this matter, and that Mr. Healy therefore lacks standing under Supplemental Rule E(4)(f), or alternatively that (ii) if the bank account was included in the general assignment, then Crystal Cruises lacks standing.  This is an academic question that the Court need not address because Crystal Cruises and Mr. Healy *jointly* filed the Motion to Vacate the Rule B Attachments

and Plaintiff concedes, as it must, that at least one of them has standing to challenge the Rule B attachments.[1]

In point of fact, it is *Plaintiff* who has failed to demonstrate *its* standing to *maintain* the Rule B attachments.  In the second footnote of its Response, Plaintiff states that it has assigned to KFW Bank "all rights of action of Peninsula, over and above full satisfaction of Crystal's claims," pursuant to a confidential settlement agreement.  While that statement is less than clear, even interpreting it in Plaintiff's favor it is nothing more than a statement by counsel—it is not "evidence" and it certainly does not prove that Plaintiff retains any rights against Crystal Cruises or its (current or former) assets.  Indeed, on February 28, 2022 (a mere 10 days after the instant Motion to Vacate was filed), Crystal Cruises received formal notices from Plaintiff that it had assigned "all our rights, title, [and] interest" in two invoices for fuel provided to the CRYSTAL SERENITY.[2]  Following receipt of those notices, undersigned counsel repeatedly asked counsel for Plaintiff to confirm its standing in light of the post-attachment assignments to KFW Bank, but counsel has refused and Plaintiff's Response falls far short of proving Plaintiff's standing to maintain the Rule B attachments.  This failure by Plaintiff to present any "evidence" addressing the issue of its own standing is of critical importance because under applicable law "[t]he attachment **must** be vacated unless the attaching party presents sufficient **evidence** to show **probable cause** for the attachment."  *Richardson Stevedoring & Logistics Servs., Inc. v. Daebo*

---

[1] It should also be noted that the Writ for Maritime Attachment and Garnishment that Plaintiff drafted (Rec. Doc. 18) and which was ultimately served on Bank of America, does not by its terms prevent Crystal Cruises from assigning its interest in any property to Mr. Healy.  But again, whether any such assignment was effective or perhaps made subject to the attachment are questions that need not be addressed at this stage, particularly given that the Rule B attachments should be vacated on other grounds.

[2] Those two notices are attached as Exhibits 1 & 2 in the Appendix accompanying this Reply Memorandum.

*Int'l Shipping Co.*, No. 15-490, 2015 WL 893518, at *2 (E.D. La. Mar. 2, 2015) (emphasis added). For this threshold reason alone, the Rule B attachments should be vacated.

Beyond that, Plaintiff's Response is full of baseless accusations and conclusory statements that this Court need not, and should not, accept as true.  Most troubling, Plaintiff suggests that Crystal Cruises has acted in bad faith by utilizing the Assignment for the Benefit of Creditors process specifically authorized by Florida state law.  The stated intent of Chapter 727 of the Florida Statutes "is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter."  Fla. Stat. § 727.101.  That procedure "is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor." *Hillsborough County v. Lanier*, 898 So. 2d 141, 143 (Fla. Dist. Ct. App. 2005).  Notably, contrary to Plaintiff's suggestion in its Response, pursuant to Florida state law all creditors (including Plaintiff in this action) must file proofs of claim with the assignee Mr. Healy, and ultimately the assignee will serve like a trustee in bankruptcy by liquidating all assets and claims.  *See* Fla. Stat. §§ 727.112; 727.114. Furthermore, "there shall be no levy, execution, attachment or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee."  Fla. Stat. § 727.105.[3]

Thus, if anyone has acted inequitably in this matter, it is Plaintiff—a foreign corporation from Singapore that is trying to jump the line of other creditors and avoid (if not violate) the

---

[3] While there is an exception to these requirements under Florida law for "consensual lien holders," Plaintiff is clearly not a "consensual" lien holder, even assuming for the sake of argument that it is a lien holder at all.  Rather, Plaintiff unilaterally attached the subject bank account(s) on an *ex parte* basis, and both Crystal Cruises and Mr. Healy have objected to the attachment(s).

uniform distribution process contemplated by Florida state law.  Indeed, Plaintiff's Response seems to assume that Plaintiff's substantive claims against Crystal Cruises are valid and have already been established and that Plaintiff is entitled to be paid in full, to the detriment of other Crystal Cruises creditors.  But the merits of Plaintiff's claims against Crystal Cruises (and whether Plaintiff even has standing to assert those claims in light of its assignment to KFW Bank) will be litigated in the U.S. District Court for the Southern District of Florida (the "Miami Lawsuit"), where Plaintiff first sued Crystal Cruises and where Crystal Cruises is subject to personal jurisdiction and has recently appeared by filing its answer to Plaintiff's complaint in that matter.[4] If Plaintiff is successful in that *in personam* action against Crystal Cruises, then it will be entitled to present its claim to Mr. Healy pursuant to Chapter 727 of the Florida Statutes, and that claim will be considered and treated in connection with all other claims as required by Florida law.[5]

As discussed in movants' original memorandum, this is not a traditional Rule B situation involving a foreign defendant who is not subject to *in personam* jurisdiction in the United States but otherwise has property temporarily located here that can be attached as security.  Rather, Crystal Cruises is an American company that is subject to personal jurisdiction in Florida, and here this foreign Plaintiff first initiated suit against Crystal Cruises in Florida before seeking Rule B attachments from this Court.  In its Response, Plaintiff argues that the Rule B attachments should not be vacated because Texas and Florida are not adjacent, but Plaintiff's argument and cases miss the mark.  Plaintiff has no connection to Texas at all—it is a Singapore corporation.  And Plaintiff itself chose to sue Crystal Cruises first in federal court in Florida—so any argument by Plaintiff

---

[4] *See Peninsula Petroleum Far East Pte. Ltd. v. M/V CRYSTAL SYMPHONY, et al*, No. 1:22-cv-20230 (S.D. Fla. filed Jan. 19, 2022).

[5] Thus, contrary to the hyperbole in Plaintiff's Response, pursuing a judgment in the Miami Lawsuit and/or a claim in the state-court liquidation proceeding would not be "worthless."

now that Florida is an inconvenient forum rings hollow.  Moreover, Plaintiff will ultimately be

required to present its claims to Mr. Healy as part of the Florida state court liquidation proceeding.

These circumstances more than satisfy the requirements courts have applied when utilizing their

equitable discretion to vacate Rule B attachments.  *See generally Knox v. Hornbeck Offshore Serv.,*

*LLC*, No. 19-181, 2019 WL 3203396 (S.D. Tex. July 16, 2019) (discussing *Aqua Stoli Shipping*

*Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006)); *China National Chartering Corp. v.*

*Pactrans Air & Sea Inc.*, 589 F. Supp. 2d 403 (S.D.N.Y. 2008).

Finally, separate and independent from all of the above, the Rule B attachments should

also be vacated based on Plaintiff's arrest of the CRYSTAL SYMPHONY and the CRYSTAL

SERENITY in the Bahamas.  While Plaintiff argues in its Response that it "will receive nothing

in Bahamas," Rec. Doc. 31 at 3, tellingly Plaintiff does not say that it has withdrawn (or that it will

withdraw) its arrests of the vessels in the Bahamas.  Again, it is not for this Court to evaluate the

relative priorities of the claimants in the Bahamas; rather, the point is that Plaintiff has already

pursued other litigation and obtained other *in rem* remedies before seeking Rule B attachments

from this Court, and under those circumstances the Rule B attachments should be vacated.

In conclusion, Plaintiff has caused funds claimed by Crystal Cruises and Mr. Healy to be

wrongfully attached and impaired for over a month now.  To protect their due process rights,

Crystal Cruises and Mr. Healy are entitled to a "prompt hearing" under Supplemental Rule E(4)(f),

and they therefore respectfully request that the Court resolve this matter expeditiously.  Plaintiff

has failed to prove that it has standing to maintain the attachments in this matter given its apparent

assignment of all rights to KFW Bank.  Moreover, where an attachment does not further a specific

purpose of Rule B, it cannot be reasonably disputed that the attachment is subject to vacatur under

equitable principles.  Because Plaintiff has obtained personal jurisdiction over Crystal Cruises in

Florida, it cannot arbitrarily seek Rule B attachments in other forums, even assuming it has standing to do so. Additionally (and independently), Plaintiff is over-secured on its claims already, rendering further security unnecessary—indeed, Plaintiff may be grossly over-secured at this point in light of its assignment of rights to KFW Bank (but again, movants cannot know for sure because Plaintiff has failed to provide any evidence of its standing).

Accordingly, for any or all of these reasons, the Rule B attachments issued in this forum should be vacated immediately.

Respectfully submitted,

**PHELPS DUNBAR LLP**

 */s/ Marc G. Matthews*

Marc G. Matthews
Texas Bar No. 24055921
910 Louisiana Street, Suite 4300
Houston, Texas  77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388
Email: marc.matthews@phelps.com

Thomas Kent Morrison, LA Bar No. 25802
   (*pro hac vice* motion pending)
Jeremy T. Grabill, LA Bar No. 34924
   (*pro hac vice* motion pending)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  Kent.Morrison@phelps.com
             Jeremy.Grabill@phelps.com

**ATTORNEYS FOR CRYSTAL CRUISES, LLC AND MARK C. HEALY, AS ASSIGNEE OF CRYSTAL CRUISES**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of March, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*/s/ Marc G. Matthews*

7