IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PENINSULA PETROLEUM FAR EAST PTE LTD, <br>     Plaintiff, <br> v. <br><br> CRYSTAL CRUISES, LLC and STAR CRUISES (HK) LIMITED, <br>     Defendants. | § § § § § § § § § § | Civil Action No. 3:22-CV-0241-L-BH |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings, evidence, and applicable law, the *Motion to Vacate Rule B Attachments*, filed February 18, 2022 (doc. 22),[1] should be **DENIED**.

### I. BACKGROUND

Peninsula Petroleum Far East Pte. Ltd (Plaintiff), a Singapore corporation, sues Crystal Cruises, LLC (Defendant), a bareboat charterer[2] of two cruise vessels operating out of Miami, Florida, the Crystal Symphony (Symphony) and the Crystal Serenity (Serenity) (collectively, Vessels), for breach of maritime contracts.[3] (doc. 2 at 2-4, 7.)[4] Its verified complaint states that

---

[1] The motion was referred for recommendation by *Order of Reference* filed February 25, 2022 (doc. 24).

[2] A "bareboat charter" is "[t]he lease (charter) of an entire vessel under an agreement whereby the lessor only provides the bare vessel; that is, operation of the vessel is not included in the lease, and the charterer must arrange to hire a ship′s master and crew itself." *Bareboat charter*, Dictionary of International Trade, www.globalnegotiator.com/international-trade/dictionary/bareboat-charter (last visited July 22, 2022).

[3] Plaintiff's claims against the other defendant, Star Cruises (HK) Limited, are not at issue in the motion to vacate. (docs. 22-23.)

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

between December 2021 and January 2022, it supplied bunkers (or fuel)[5] to Defendant, and that Defendant owes it $2,104,169.59 for the bunkers. (*Id.* at 3-4.) Plaintiff sued Defendant, alleging breach of contract, in the Southern District of Florida[6] on January 19, 2022, seeking maritime liens *in rem* against the Vessels. (doc. 23-1 at 13-18.)

Plaintiff then sued Defendant in the Northern District of Texas on February 1, 2022, seeking attachment and garnishment of Defendant's account at Bank of America (BOA Account), whose resident agent is in Dallas, Texas, under Supplemental Admiralty and Maritime Claims Rule B. (doc. 2 at 1-2.)[7] Summonses were issued that same day. (doc. 9.)[8]

Also on February 1, 2022, Plaintiff sued Defendant in the Bahamas, and by February 4, 2022, successfully obtained an arrest warrant for the Symphony.[9] (doc. 23-1 at 20-33). On February 7, 2022, an application for an arrest warrant for the Vessels was filed by DNB Bank ASA, the mortgagor of the Vessels (Mortgagor), alleging a first priority mortgage. (doc. 31-1.)

On February 9, 2022, this court issued a writ of attachment and garnishment of Defendant's BOA Account, valued at $403, 098.71, which was executed the same day. (docs. 18, 20.)[10]

---

[5] "Fuel bunkers" is the admiralty term for the fuel used by a vessel. *See Glossary of Marine Insurance and Shipping Terms*, 14 U.S.F. Mar. L.J. 305, 325 (2001-2002).

[6] Defendant is a California LLC with its principal place of business in Miami, Florida. (doc. 2 at 2.)

[7] Plaintiff also sought to attach and garnish Defendant's alleged account at JP Morgan Chase Bank, N.A. (doc. 2.) The parties stipulated at the Supplemental Admiralty and Maritime Claims Rule E(4)(f) hearing that Defendant has no assets at that bank.

[8] On February 17, 2022, Plaintiff filed in this district a return of service showing the summons was properly served on Defendant. (doc. 20.)

[9] Defendant attached to its motion a copy of Plaintiff's application for a Bahamian arrest warrant for the Serenity; it did not file a copy of an arrest warrant for the Serenity. (*See* doc. 23-1.)

[10] On February 14, 2022, Plaintiff filed in this district a return of execution showing that the writ of

On February 10, 2022, Defendant assigned all of its assets to Mark C. Healy (Assignee), (doc. 31-4 at 4-5), who filed a state law assignment proceeding in the Miami-Dade County circuit court a day later, (doc. 23-1 at 4-38). On February 18, 2022, Defendant and Assignee jointly moved to vacate the attachment of Defendant's BOA Account. (docs. 22, 23.)

On May 19, 2022, Plaintiff moved to dismiss its complaint without prejudice in the Southern District of Florida. (doc. 49 at 2.)

A Supplemental Admiralty and Maritime Claims Rule E(4)(f) hearing on the motion to vacate the Rule B attachment of Defendant's BOA Account was conducted by videoconference on July 13, 2022. (doc. 23 at 7; docs. 40-41.) The parties appeared for oral argument on the motion and stipulated that no evidence beyond what had been submitted with the motion and response would be introduced. At the hearing, Defendant did not dispute Plaintiff's allegations that it had met the Rule B requirements, that the Vessels had been sold at auction for less than the outstanding balance on the mortgage, that it would not receive any recourse other than the cost of arresting them, and that it had moved to dismiss without prejudice its complaint in the Southern District of Florida. It also expressly abandoned its argument that Plaintiff was over-secured, (*see* doc. 23 at 13), and conceded that except for the difference in the garnishees, the legal issues in this motion were similar to those in a related motion in the Southern District of Texas, which has recently been denied.

On July 21, 2022, the district court in the Southern District of granted Plaintiff's motion to dismiss its case without prejudice under Fed. R. Civ. P. 41(a)(2). (doc. 49-1.)

---

attachment and garnishment of Defendant's BOA Account was properly executed. (doc. 18.)

## II. RULE B

"Maritime attachment is a distinctive admiralty remedy that was a part of American jurisprudence at the time the Constitution was adopted." *Boland Marine & Indus., LLC v. Bouchard Transp. Co.*, No. 1:20-CV-66-LY-ML, 2020 WL 10051743, at *2 (W.D. Tex. Feb. 28, 2020), *report and recommendation adopted sub nom. Boland Marine & Indus. v. Bouchard Transp. Co.*, No. 1:20-CV-66-LY, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020) (citation omitted). Its dual purposes are "to obtain jurisdiction over a defendant through its property and to assure satisfaction of the claim." *Id.* (citing *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografi*a, *S.A. de C.V.*, 817 F.3d 241, 244 (5th Cir. 2016)). Codified in Supplemental Admiralty and Maritime Claims Rule B of the Federal Rules of Civil Procedure (Rule B), a Rule B maritime attachment is "a *quasi in rem* proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no *in personam* jurisdiction over the defendant."[11] *Id.* at *2 n.3 (citing *Hays Tug & Launch Serv., Inc. v. Draw Events, LLC*, 364 F. Supp. 3d 365, 369 (D.N.J. 2019) (citation omitted)); *see* Fed. R. Civ. P. Adm. Supp. R. B.

Rule B(1), which governs the process by which a plaintiff may attach a defendant's assets, provides in relevant part that in an "in personam" action:

(a) If a defendant is not found within the district when a verified complaint[12] praying

---

[11] In discussing the term "*quasi in rem*," the Fifth Circuit has stated that "[a] more precise understanding is that a good faith allegation in the complaint that the *res* is present within the geographic jurisdiction of the court is *the* jurisdictional fact which gives the court *in personam* jurisdiction over the defendant purported to own the *res*." *Great Prize, S.A. v. Mariner Shipping Pty., Ltd.*, 967 F.2d 157, 159 (5th Cir. 1992) (emphasis in original).

[12] "Rule B expressly requires a verified complaint." *See K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *3 (5th Cir. Mar. 30, 2022) (citing Fed. R. Civ. P. Adm. Supp. R. B(1)(a)). "A verified complaint must include a 'declaration made under penalty of perjury.'" *Id.* (citing *Falcon v. Holly*, 480 F. App'x 325, 326 (5th

(a) for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

(b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

Fed. R. Civ. P. Adm. Supp. R. B(1)(a)-(b). Although an order of attachment may be requested and granted *ex parte*, notice of the attachment to the defendant via appropriate service is required. *See* Fed. R. Civ. P. Adm. Supp. R. B(2), E(3). Once the Rule B requirements are satisfied and an order of attachment has been entered, an asset may be seized. *See K Inv., Inc. v. B-Gas Ltd.*, No. 3:21-CV-00016, 2021 WL 3477356, at *2 (S.D. Tex. June 4, 2021), *report and recommendation adopted*, No. 3:21-CV-00016, 2021 WL 3473502 (S.D. Tex. Aug. 6, 2021), *aff'd sub nom. K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210 (5th Cir. 2022) (per curiam). "An individual may move to vacate an attachment if it believes the plaintiff failed to satisfy the requirements of Rule B." *Id.* (citing Fed. R. Civ. P. Adm. Supp R. E(4)(f)).[13]

Earlier this year, in *K Invs., Inc.*, the United States Court of Appeals for the Fifth Circuit

---

Cir. 2012) (per curiam)). "Facts in a verified complaint must be 'within the personal knowledge of the affiant,' and the affiant must 'be competent to testify' to them." *Id.* (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998), *abrogated on other grounds by Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731 (5th Cir. 2017)). "In signing a verified complaint, 'the signator must satisfy himself that the averments in the complaint are true, based upon either his own knowledge or upon information and belief.'" *Id.* (citing *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1295 (9th Cir. 1997) (internal quotation marks and citations omitted)).

[13] Rule E(4)(f) provides in relevant part: "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." *See* Fed. R. Civ. P. Adm. Supp. R. E(4)(f).

addressed the Rule B requirements in a breach of contract case, in which the plaintiff sought a maritime attachment of a vessel owned by a non-party on grounds that the defendant was the non-party's alter ego. 2022 WL 964210, at *3. The district court had vacated the attachment of the non-party's vessel, finding that plaintiffs' complaints were not verified in accordance with Rule B. *See K Inv., Inc.*, 2021 WL 3477356, at *4. The Fifth Circuit affirmed, noting that "[n]owhere d[id] [the affiant] affirm the *veracity* of the allegations that [the] [p]laintiffs relied on to establish their alter-ego theory of liability", to permit attachment of the non-party's vessel. *K Invs., Inc.*, 2022 WL 964210, at *3 (emphasis in original). In addressing the showing a plaintiff must make "[i]n order to properly invoke Rule B", the Fifth Circuit cited the Second Circuit's opinion in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006) (*Aqua Stoli*), *abrogated by Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). *See id.* at *2.

In *Aqua Stoli*, the Southern District of New York granted the defendant's motion to vacate a maritime attachment because the plaintiff's ability to collect a prospective judgment was "remarkably secure" and because it sought an attachment for "merely tactical" reasons. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 384 F. Supp. 2d 726, 729-30 (S.D.N.Y. 2005), *vacated*, 460 F.3d 434. Noting that the "ease" of making a prima facie case for Rule B attachment creates a "real risk of 'abusive use of maritime remedy'", the district court found that subsequent judicial review of an *ex parte* attachment is appropriate, and that it possessed "equitable authority" to fashion an appropriate test to vacate maritime attachments that were otherwise valid under the Rule B requirements. *See id.* at 728-29. On appeal, the Second Circuit remanded the case, explaining that "an attachment should issue" if, in addition to meeting the filing and service requirements of Rules B and E, the plaintiff also shows that:

6

(1) it has a valid prima facie admiralty claim against the defendant[14]; (2) the defendant cannot be found within the district[15]; (3) the defendant's property may be found within the district[16] [as determined by state law[17]]; and (4) there is no statutory or maritime law bar to the attachment.

See *Aqua Stoli*, 460 F.3d at 445; *see also Boland Marine & Indus., LLC*, 2020 WL 10051743, at *2 n.4 (finding *Aqua Stoli* "helpful to [its] determination of the issues", even if it is not binding law, because it "trac[es]" the history of maritime attachments under Rule B and because the Second Circuit has a "long history" of addressing maritime attachments due to the "commercial importance" of New York ports) (citations omitted).

The Fifth Circuit cited the first two *Aqua Stoli* factors and analyzed the plaintiffs' complaint under the first factor. *See K Invs., Inc.*, 2022 WL 964210, at *2-3. It also upheld the district court's decision, which cited the four *Aqua Stoli* factors in conducting an initial analysis of the issues. *See id.*; *K Inv., Inc.*, 2021 WL 3477356. The *Aqua Stoli* factors have been cited with approval as required to support a maritime attachment by the Fourth and Ninth Circuits. *See, e.g.,*

---

[14] "A breach of contract claim is an admiralty claim if the contract on which the suit is based is a maritime contract." *Heidmar Trading LLC v. Emirates Trading Agency, LLC*, No. CIV.A. H-11-3847, 2011 WL 5827300, at *4 (S.D. Tex. Nov. 18, 2011) (citing *Gulf Coast Shell & Aggregate LP v. Newlin*, 623 F.3d 235, 240 (5th Cir. 2010) (parenthetical omitted)). "It is also well-settled that bunker supply contracts are maritime in nature." *Id.* (citing *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991)).

[15] The Rule B requirement that the defendant not "'be found within the district' ... mean[s] that the defendant is neither subject to the jurisdiction of the district court nor amenable to service of process within the district." *MARMAC, LLC v. InterMoor, Inc.*, 566 F. Supp. 3d 559, 580 (E.D. La. Oct. 14, 2021), *appeal dismissed sub nom. Marmac, L.L.C. v. US Wind, Inc.*, No. 21-30662, 2021 WL 8201393 (5th Cir. 2021) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 421 (5th Cir. 2001)).

[16] If a defendant is not found within the district when a verified complaint and required affidavit are filed, "a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." *K Invs., Inc.*, 2022 WL 964210, at *2 n.1 (citing Fed. R. Civ. P. Adm. Supp. R. B(1)(a)).

[17] Texas law requires the filing of bank garnishments in the jurisdiction where the resident agent of the bank is located, according to the rolls of the Texas Secretary of State. *See* Tex. Fin. Code § 59.008.

*Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 537 n.5 (4th Cir. 2013); *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 969 (9th Cir. 2010).

District courts in this circuit have also required a showing of the *Aqua Stoli* factors in addition to the Rule B and E requirements to support a maritime attachment. *See*, *e.g.*, *K Invs., Inc.*, 2022 WL 964210 at *2-3 (listing the first two *Aqua Stoli* factors but vacating the attachment under Rule B because the verified complaint was defective); *Boland Marine & Indus., LLC*, 2020 WL 10051743, at *2 n.4; *Knox v. Hornbeck Offshore Servs., LLC*, No. 3:19-CV-00181, 2019 WL 3202296, at *2 (S.D. Tex. July 16, 2019); *Icon Amazing, L.L.C. v. Amazing Shipping, Ltd.*, 951 F. Supp. 2d 909, 915 (S.D. Tex. June 18, 2013). In a related action in the Houston Division of the Southern District of Texas, the district court recently required that Plaintiff establish the *Aqua Stoli* factors and meet the requirements under Rules B and E to support a maritime attachment of a bank account in that district owned by Defendant. *See Peninsula Petrol. Far E. Pte. Ltd. v. Crystal Cruises, LLC*, No. 4:22-CV-337, 2022 WL 2239847, at *2-4 (S.D. Tex. June 22, 2022). Because the Fifth Circuit did not criticize or otherwise indicate that it would not apply the four *Aqua Stoli* factors to determine whether a Rule B attachment was warranted, and district courts in this circuit have applied them, this court likewise finds that they should also be applied in this case.

Here, Plaintiff has filed a required affidavit and verified complaint to attach Defendant's BOA Account, and it has provided notice to, and service on, Defendants. (docs. 2, 9, 20-21.) It has also shown that its bunker supply contract with Defendant is a prima facie admiralty claim, *see Heidmar Trading LLC v. Emirates Trading Agency, LLC*, No. CIV.A. H-11-3847, 2011 WL 5827300, at *4 (S.D. Tex. Nov. 18, 2011) (citing *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991)), that Defendant is a California LLC with its principal place of business in Florida,

and that Defendant's only connection with this district is BOA's service agent, *see MARMAC, LLC v. InterMoor, Inc.*, 566 F. Supp. 3d 559, 580 (E.D. La. Oct. 14, 2021), *appeal dismissed sub nom. Marmac, L.L.C. v. US Wind, Inc.*, No. 21-30662, 2021 WL 8201393 (5th Cir. 2021). Defendant does not contest that the BOA Account may be found within this district, and it points to no statutory or maritime law bar to this attachment. None is apparent. Because Plaintiff has met the Rule B requirements, and Defendant does not show otherwise,[18] Defendant's BOA Account was properly attached. *See generally Peninsula Petrol. Far E. Pte. Ltd.*, 2022 WL 2239847, at *2-4; *Boland Marine & Indus., LLC*, 2020 WL 10051743, at *8-9.

### III. RULE E

Under Supplemental Admiralty and Maritime Claims Rule E of the Federal Rules of Civil Procedure (Rule E), "[a]fter an attachment order has been issued, a defendant or 'any person claiming an interest' in the restrained property, may move to vacate the attachment and demand a 'prompt hearing.'" *See K Inv., Inc.*, 2021 WL 3477356, at *2 (quoting Fed. R. Civ. P. Adm. Supp. R. E(4)(f), and citing *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 50 (2d Cir. 2008) ("After the requirements of Rule B have been met, and attachment has occurred, defendants have the

---

[18] Defendant replies that Plaintiff's standing is called into question because it assigned "'all rights of action of [Plaintiff], over and above full satisfaction of [Defendant]'s claims,' pursuant to a confidential settlement agreement" to another party. (doc. 32 at 2.) Its reply attaches evidence that Plaintiff assigned two invoices for bunkers provided to the Serenity, which was not initially filed with its motion. (doc. 32-1.) The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. July 10, 1991). It is therefore not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). Even if considered, Defendant has not shown that the recommended outcome would change. Notably, Plaintiff alleges that despite the settlement, Defendant continues to owe it "at least $950,000" under the contract. (*See* doc. 31 at 2.)

opportunity under Rule E(4)(f) to contest the attachment of their property before the district court."). "The Rule E(4)(f) hearing 'is designed to satisfy the constitutional requirement of due process by guaranteeing to [the property owner] a prompt post-seizure hearing at which [the property owner] can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.'" *Id.* (quoting *Williamson*, 542 F.3d at 51 (quoting Fed. R. Civ. P. Adm. Supp. R. E(4)(f), Advisory Committee's Note to 1985 Amendment)).

"Upon a motion to vacate, the plaintiff bears the burden of demonstrating why the attachment should not be vacated." *See K Invs., Inc.*, 2022 WL 964210, at *3 (citing Fed. R. Civ. P. Adm. Supp. R. E(4)(f)). "At the Rule E(4)(f) hearing stage, the burden rests with the plaintiff to show that the requirements of … Rules B and E have been satisfied." *K Inv., Inc.*, 2021 WL 3477356, at *2 (quoting *Knox*, 2019 WL 3202296, at *2 (citing *Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (explaining that "Plaintiff has the burden of justifying a continued attachment" under Rule E), and citing Fed. R. Civ. P. Adm. Supp. R. E(4)(f) ("Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which *the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules*.") (emphasis in original)). "'[D]istrict courts have often initially granted attachment and then used Rule E hearings to determine whether the requirements of Rule B were in fact met.'" *Id.* (quoting *DS-Rendite Fonds Nr. 108 VLCC Ashna GMBH & Co. Tankschiff KG v. Essar Cap. Americas Inc.*, 882 F.3d 44, 49 (2d Cir. 2018)). Nevertheless, district courts in this circuit have held that "Rule E(4)(f) hearings are not for purposes of 'mak[ing] binding determinations of fact', but rather … for 'merely holding that it is *likely* that alleged facts are true." *See Boland Marine & Indus.*,

*LLC*, 2020 WL 10051743, at *9 (quoting *Naftomar Shipping & Trading Co. v. KMA Int'l S.A.*, No. CIV.A. V-11-2, 2011 WL 888951, at *3 (S.D. Tex. Mar. 10, 2011) (emphasis in original), and citing *Vinmar Int'l Ltd. v. M/T Clipper MAKISHIO*, No. H-09-3829, 2009 WL 6567104, at *1 (S.D. Tex. Dec. 9, 2009) ("[The Rule E] procedure 'is not intended to resolve definitely the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant.'")).

Here, Plaintiff has presented evidence of the required filing and service requirements under Rules B and E. (*See* docs. 2, 9, 18, 20-21.) It has also presented a verified complaint that Defendant's invoices remain unpaid despite repeated demands. (doc. 2 at 3-4.) It alleged at the Rule E(4)(f) hearing, and Defendant did not dispute, that the Vessels had been sold at auction for less than the outstanding balance on the mortgage, that it would not receive any recourse other than the cost of arresting them, and that it had moved to dismiss without prejudice its case in the Southern District of Florida. Plaintiff submitted a copy of the order granting its motion to dismiss without prejudice on July 21, 2022. (*See* doc. 49-1.)

Because Plaintiff has shown at the Rule E(4)(f) hearing that it met the filing and service requirements under Rules B and E, and that continued attachment of Defendant's BOA Account is justified in order to secure satisfaction of its claim, it has demonstrated why this attachment should not be vacated. *See Boland Marine & Indus., LLC*, 2020 WL 10051743, at *9 (finding that the plaintiff "has satisfied its burden of showing it has met the requirements of Rule B(1) and Rule E(4)(f)"); *see also Malin Int'l Ship Repair & Drydock, Inc.*, 817 F.3d at 244 ("Maritime attachment serves … to assure satisfaction of the claim.").

11

## IV.     EQUITABLE VACATUR

Defendant contends that the Rule B attachment of its BOA Account "can be vacated on equitable grounds", i.e., the first ground under *Aqua Stoli*. (doc. 23 at 9.)[19]

In *Aqua Stoli*, the Second Circuit held that a district court has "equitable discretion" to vacate a Rule B attachment. *See Aqua Stoli*, 460 F.3d at 444. Under the theory of equitable vacatur, however, an attachment "may" be vacated "only in certain limited circumstances", such as when "1) [the defendant] is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain *in personam* jurisdiction over the defendant in the District where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." *See id.* at 444-45. The defendant bears the burden to establish any equitable ground for vacatur. *See id.* at 445 n.5.

"Although the Fifth Circuit has not yet adopted the equitable vacatur test" announced in *Aqua Stoli*, "[t]he Fourth and Ninth Circuits have both cited [it] with approval …, and the Eleventh Circuit has affirmed a district court's vacatur of an attachment based on 'an equitable exception to the general rule upholding maritime attachments.'" *See Boland Marine & Indus., LLC*, 2020 WL 10051743, at *10 (citing *Vitol*, 708 F.3d at 537 (quoting *Aqua Stoli*, 460 F.3d at 447); *ProShipLine Inc.*, 609 F.3d at 969 ("we agree with and adopt the contours of equitable vacatur laid out by the Second Circuit"); *McDermott Gulf Operating Co. v. Con-Dive, LLC*, 371 F. App'x 67, 70 (11th Cir. 2010) (citing *Aqua Stoli*, 460 F.3d at 444–45)). District courts in the Fifth Circuit have also

---

[19] Defendant's motion also argued that equitable vacatur was warranted on grounds that Plaintiff was "grossly over-secured". (doc. 23 at 13-14.) At the Rule E(4)(f) hearing, it expressly abandoned that argument.

adopted or applied the *Aqua Stoli* equitable vacatur test, and the Fifth Circuit has affirmed at least one of these decisions. *See*, *e.g., Peninsula Petrol. Far E. Pte. Ltd.*, 2022 WL 2239847, at *2 (applying the *Aqua Stoli* equitable vacatur test); *Preble-Rish Haiti, S.A.*, 558 F. Supp. 3d at 433 (same, and citing *Agrocooperative Ltd. v. Sonangol Shipping Angola (Luanda) Limitada*, No. H-14-1707, 2015 WL 138114, at *5 (S.D. Tex. Jan. 8, 2015) (collecting cases)); *Boland Marine & Indus., LLC*, 2020 WL 10051743, at *10 (adopting *Aqua Stoli*'s equitable vacatur test); *Knox*, 2019 WL 3202296, at *3 (same); *Malin Int'l Ship Repair & Drydock, Inc.*, 2013 WL 126534, at *3 (denying without prejudice the motion to vacate because "the circumstances [in *Aqua Stoli*] giving rise to the application of equitable vacatur" were not present). As discussed, this court finds *Aqua Stoli* persuasive and adopts its reasoning.

In *Aqua Stoli*, the Second Circuit clarified that vacatur based on adjacent convenient jurisdiction is "narrowly circumscribed." *See Preble-Rish Haiti, S.A.*, 558 F. Supp. 3d at 433 (quoting *Aqua Stoli*, 460 F.3d at 444 (equating adjacent jurisdiction with an "'across the river' case" where assets are attached in the Eastern District and the defendant is located in the Southern District, but stating that a "less clear" case is "where the adjacent district is more remote and … less obviously 'convenient'" to the plaintiff)), and citing *First Am. Bulk Carrier Corp. v. Van Ommeren Shipping (USA) LLC*, 540 F. Supp. 2d 483, 485 (S.D.N.Y. Mar. 19, 2008) ("[T]he "adjacent district" is generally viewed as one of another federal court within the same state (such as the Eastern District to the Southern District of New York), not one in a different state, even if the two states are adjacent.")).

Here, Defendant contends that vacatur is warranted on grounds that the Southern District of Florida is a "convenient jurisdiction" because under *China Nat'l Chartering Corp. v. Pactrans*

13

*Air & Sea Inc.*, 589 F. Supp. 2d 403 (S.D.N.Y. Dec. 16, 2008) (*Pactrans*), it is subject to suit there and Plaintiff "has perfected in *personam jurisdiction* against [it]" there. (doc. 23 at 11, 13) (emphasis in original).

In *Pactrans*, the district court granted a motion to vacate an attachment on the first ground due to the parties' ongoing suit in another district even if the two districts did not "literally abut[]" each other. *See* 589 F. Supp. 2d 403, 405-06. The district court reasoned that a "limited circumstance[]" in which a court may vacate an attachment included "a situation in which 'the defendant can show that it would be subject to *in personam* jurisdiction convenient to the plaintiff'", and that the word "adjacent" was not intended to mean "[an]other district *literally abutted* upon the district in which the attachment was obtained." *See id.* The district court also noted that the attaching party "cannot be heard to complain of any inconvenience" of litigating in the proposed jurisdiction because it filed its own action there. *See id.* at 406. Defendant has presented no evidence to show that Florida is an "over the river" case, *see Preble-Rish Haiti, S.A.*, 558 F. Supp. 3d at 433 (quoting *Aqua Stoli*, 460 F.3d at 444)), or some authority to show why Florida and Texas are "adjacent" states despite their geographical separation, *see id.* (citing *First Am. Bulk Carrier Corp.*, 540 F. Supp. 2d at 485). Moreover, as noted, the Florida suit is no longer live. (*See* doc. 49.)

In addition, *Pactrans* appears to be an anomaly in its own district where courts have instead strictly interpreted the adjacency requirement. *See Peninsula Petrol. Far E. Pte. Ltd.*, 2022 WL 2239847, at *4 (citing *Milestone Shipping, S.A. v. Estech Trading LLC*, 764 F. Supp. 2d 632, 637 (S.D.N.Y. 2011) ("[T]he Court is unaware of any reliable geographical authority which depicts Ohio, [the] proposed 'convenient' alternative jurisdiction, to be 'adjacent' to the Southern District

of New York.") (citation omitted), and *First Am. Bulk Carrier Corp.*, 540 F. Supp. 2d at 485 (holding that the "adjacent district" is generally one of another federal court within the same state and not a different one, "even if the two states are adjacent")). District courts in this circuit have also declined to find that a suit (or events giving rise to it) in the proposed jurisdiction establish the first ground. *See*, *e.g.*, *Preble-Rish Haiti, S.A.*, 558 F. Supp. 3d at 433 (finding that the Southern District of Texas is "not 'adjacent' to New York … courts" even though plaintiff had filed a related action there); *Boland Marine & Indus., LLC*, 2020 WL 10051743, at *12 (declining to vacate plaintiff's Rule B attachments even if "[t]he events underlying this litigation occurred in the Eastern District of Louisiana, and both parties appear to have a substantial presence, within that district"). Defendant has not shown why this court should apply the *Pactrans* reasoning in this case to find that the Southern District of Florida is an "adjacent convenient jurisdiction" under *Aqua Stoli*.

Notably, in the parties' related action in the Southern District of Texas, Defendant's motion to vacate a Rule B attachment was denied because, among other reasons, it failed to show that the first ground was present. *See Peninsula Petrol. Far E. Pte. Ltd.*, 2022 WL 2239847. In that case, Plaintiff sued Defendant for breach of maritime contract for the same unpaid invoices alleged in this case and sought to obtain a Rule B attachment and garnishment of Defendant's account at a bank whose resident agent was located in that district. *See Peninsula Petrol. Far E. Pte. Ltd.*, No. 4:22-CV-0241-L. A writ of attachment and garnishment was issued, and Defendant moved to vacate it under the first ground in *Aqua Stoli* because of the parties' then-live suit in the Southern District of Florida. *See Peninsula Petrol. Far E. Pte. Ltd.*, 2022 WL 2239847. The district declined to find the first ground was present, explaining that it would "narrowly" construe the first ground

"as *Aqua Stoli* itself prescribe[d]." *See id.* at *4 (citing *Preble-Rish*, 558 F. Supp. 3d at 432-33). At the Rule E(4)(f) hearing in this case, Defendant conceded that except for the difference in the garnishees, the legal issues in the motions in the Southern District of Texas and in this district are similar.

Because Defendant has not shown that the Southern District of Florida is a convenient adjacent jurisdiction, or that any other equitable ground under *Aqua Stoli* is present, the attachment on Defendant's BOA Account should not be equitably vacated. *See Boland Marine & Indus., LLC*, 2020 WL 10051743, at *11 (noting that the defendant "did not sufficiently show" during the Rule E(4)(f) hearing or in its motion to vacate "that equitable vacatur should apply").[20]

## V. RECOMMENDATION

Defendant's motion to vacate Rule B attachments should be **DENIED**.

**SO RECOMMENDED** on this 5th day of August, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[20] Plaintiff argues that Defendant and/or Assignee have no standing to bring the motion to vacate the Rule B attachments. (doc. 31 at 1 at n.1.) Because of the recommended denial, Plaintiff's argument is not reached.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE